IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CENTURY SURETY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>AMBLING MANAGEMENT COMPANY, LLC, and ZACHARY WHITE,<br><br>    Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Century Surety Company (or "Century") shows this Honorable Court the following:

### Nature of Action

1. This case is an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Century and the Defendants, i.e., whether Century owes any insurance coverage obligations to the Defendants in connection with the underlying claims and lawsuit asserted by Zachary White against Ambling Management Company, LLC,

related to an August 25, 2022 incident, during which Zachary White allegedly suffered a gunshot wound at The Highlands of East Atlanta apartment complex.

## Parties, Jurisdiction, and Venue

2. Century is an Ohio corporation with its principal place of business in Southfield, Michigan.

3. Defendant Ambling Management Company, LLC, is a Georgia limited liability company.

4. Upon information and belief, no member of Ambling Management Company, LLC, is a citizen of or domiciled in Ohio or Michigan.

5. Defendant Ambling Management Company, LLC, is subject to personal jurisdiction and venue in this Court.

6. Defendant Zachary White is domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

7. Defendant Zachary White resides in the Atlanta Division of the Northern District of Georgia.

8. Defendant Zachary White is subject to personal jurisdiction and venue in this Court.

9. The Court has jurisdiction over this action under 28 U.S.C. § 1332.

10. Plaintiff is a citizen of a different state than the Defendants.

11. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

12. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201, in that Century is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by Century.

## Background Facts

13. On November 30, 2022, Zachary White filed a complaint against Ambling Properties, LLC, in the lawsuit known as *Zachary White v. Ambling Properties, LLC*, in the State Court of Lowndes County, Georgia, Civil Action File No. 2022SCV0668 ("Lowndes County lawsuit.").

14. A true and accurate copy of the complaint in the Lowndes County lawsuit is attached hereto as Exhibit A.

15. Michael Godwin was served with a summons and the complaint in the Lowndes County lawsuit on December 19, 2022.

16. Michael Godwin was the registered agent for Ambling Properties, LLC, as of the time of service on December 19, 2022, and throughout 2022.

17. A true and accurate copy of the Sheriff's Entry of Service, showing service upon Ambling Properties, LLC, via Michael Godwin, in the Lowndes County lawsuit, is attached hereto as Exhibit B.

18. Zachary White voluntarily dismissed the Lowndes County lawsuit on December 29, 2022.

19. On January 23, 2023, Zachary White filed a complaint against Ambling Management Company, LLC, in the lawsuit known as *Zachary White v. Ambling Management Company, LLC, et al.*, in the State Court of Fulton County, Georgia, Civil Action File No. 23EV00052 ("Underlying Lawsuit.").

20. A true and accurate copy of the initial complaint in the Underlying Lawsuit is attached hereto as Exhibit C.

21. Zachary White filed his Amended Complaint in the Underlying Lawsuit on February 8, 2023.

22. A true and accurate copy of that Amended Complaint is attached hereto as Exhibit D.

23. In his Amended Complaint in the Underlying Lawsuit, Zachary White alleged that Highlands Atlanta MF II, LLC, owned and operated The Highlands at East Atlanta, located at 2051 Flat Shoals Rd SE, Atlanta, GA 30316.

24. In his Amended Complaint in the Underlying Lawsuit, Zachary White alleged that Ambling Management Company, LLC, managed The Highlands at East Atlanta on August 25, 2022.

- 5 -

25. In his Amended Complaint in the Underlying Lawsuit, Zachary White alleged that Zachary White was an invitee at The Highlands at East Atlanta; that he was coming home to his residence on August 25, 2022; that, on his way up the stairs to enter his apartment, at least two men accosted him; that one of the individuals shot him; and that he suffered a gunshot wound to his right thigh.

26. In his Amended Complaint in the Underlying Lawsuit, Zachary White alleged that "[c]urrent special damages are in excess of $200,000 …."

27. In his Amended Complaint in the Underlying Lawsuit, Zachary White asserted claims against Ambling Management Company, LLC, for premises liability, nuisance, negligence per se, vicarious liability, and punitive damages.

28. Ambling Management Company, LLC, was served with the Amended Complaint and a summons in the Underlying Lawsuit on February 22, 2023.

29. A true and accurate copy of the Affidavit of Service concerning that service is attached hereto as <u>Exhibit E</u>.

30. Ambling Management Company, LLC, was the property manager for The Highlands at East Atlanta, located at 2051 Flat Shoals Rd SE, Atlanta, GA 30316.

31. By August 31, 2022, Ambling Management Company, LLC, knew that Zachary White had been shot and injured at The Highlands at East Atlanta.

## Commercial Lines Policy

32. Century issued a Commercial Lines Policy ("Policy"), with Policy Number CCP 1050123, to Ambling Property Investments, LLC, Ambling Management Company, LLC, Ambling, LLC, and Ambling Shareholder Group, LLC, as the Named Insureds.

33. A true, accurate, and certified copy of the Policy (with premium amounts redacted) is attached to this complaint as Exhibit F.

34. The Policy has a policy period of April 5, 2022, to April 5, 2023.

35. The Policy includes a Commercial General Liability Coverage Form, which provides in part:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   **a**. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  * * * *

36.   The Policy includes the following conditions, among others:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
* * *

**2. Duties In The Event Of Occurrence, Offense, Claim or Suit**

   **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   **(1)** How, when and where the "occurrence" or offense took place;

   **(2)** The names and addresses of any injured persons and witnesses; and

   **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

   **b.** If a claim is made or "suit" is brought against any insured, you must:

      **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

      **(2)** Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  **c.** You and any other involved insured must:

      **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      **(2)** Authorize us to obtain records and other information;

      **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without our consent.

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured, or

**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of

liability signed by us, the insured and the claimant or the claimant's legal representative.

37.  The Policy includes the "Conditional Coverage – Real Estate Property Managed" endorsement, which adds the following conditions to Section IV – Commercial General Liability Conditions:

> **Real Estate Property Managed**
>
> As a condition of coverage:
> **(1)** You obtain from the property owner, at the time the property management commences, a valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) of insurance on file; and
>
> **(2)** Upon renewal or replacement of the property owner's insurance policy, you receive from the property owner a new valid certificate (or certificates) of insurance evidencing "occurrence"-based Commercial General Liability Coverage for ongoing operations and "products-completed operations hazards" for the property management performed by you and you keep such certificate(s) on file; and
>
> **(3)** You provide such certificate(s) of insurance to us upon our request; and
>
> **(4)** The insurance shown on the certificate(s) of insurance was written with an insurance company rated A-or better by A.M. Best at the time of certificate issuance; and
>
> **(5)** The Limits on the certificate(s) are equal to or greater than $1,000,000 Each Occurrence Limit, $2,000,000 General Aggregate Limit (Other than Products-Completed Operations), and $1,000,000 Products-Completed Operations Aggregate Limit; and

    **(6)**  You are an insured or an additional insured on the property owner's policy or policies; and

    **(7)**  The property owner's policy has not restricted coverage for assault and battery exposures by:

        **(a)**  Excluding any claims arising out of or alleged to arise out of assault and battery; or

        **(b)**  Providing a sublimit to the Each Occurrence Limit for claims arising out of or alleged to arise out of assault and battery.

For the purposes of this endorsement, property management means managing, maintaining, operating, controlling, or overseeing any real estate not owned by the insured.

38. The Policy's Special Exclusions and Limitations Endorsement include the following exclusions:

    **A. In consideration of the premium charged this policy has been issued subject to the following exclusions being added to Coverages A & B:**

    This insurance does not apply to:

* * *

    **5. Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees**

    Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

39. The Policy's Special Exclusions and Limitations Endorsement includes the following provisions regarding other insurance:

D. It is agreed that SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS is changed as follows:

1. Item 4., Other Insurance is deleted and entirely replaced by the following:

    4. **Other Insurance**

        If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

        a. This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

        b. When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

        c. When this insurance is excess over other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of:

            (1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

            (2) The total of all deductible and self-insured amounts under all that other insurance.

## Communications with Century

40. Century first received notice of the August 25, 2022 incident involving Zachary White on February 14, 2023, via an email from Lexie Sorrell of

Higginbotham Insurance Agency.

41. No person or entity notified Century of the August 25, 2022 incident or any related claims or lawsuits until February 14, 2023.

42. Ambling Management Company, LLC, has sought coverage from Century for the Underlying Lawsuit.

43. In a March 7, 2023 reservation of rights letter to Ambling Management Company, LLC, and others, Century referred to its investigation of the August 25, 2022 shooting incident involving Zachary White, described the incident and related claims and lawsuits, discussed Policy provisions that may affect coverage, and reserved its rights.

44. A true and accurate copy of the March 7, 2023 reservation of rights letter is attached hereto as <u>Exhibit G</u>.

45. That March 7, 2023 reservation of rights letter was received by Emily Macheski-Preston on March 7, 2023.

46. Emily Macheski-Preston is an attorney for Ambling Management Company, LLC, and provides legal services to Ambling Management Company, LLC, with respect to insurance claims.

47. In the March 7, 2023 reservation of rights letter, Century asked Ambling Management Company, LLC, to provide Century with copies of several

documents, including but not limited to any and all certificates of insurance provided to it by any other entity related to The Highlands at East Atlanta, with the date each such certificate was obtained by it; a full copy of Highlands Atlanta MF II, LLC's insurance policies that may cover the August 25, 2022 occurrence; and any other insurance policies in place at the time of the August 25, 2022 occurrence, which may provide coverage to Ambling Management Company, LLC, for claims related to that occurrence.

48.    Ambling Management Company, LLC, failed to provide Century with the requested documents.

**Declaratory Judgment**

49.    Century is in a position of uncertainty or insecurity with respect to its rights, status, and other legal relations as to the Policy and its obligations (if any) with respect to the Defendants, the August 25, 2022 incident, and the Underlying Lawsuit.

50.    The Policy does not cover the August 25, 2022 incident, any related claims, or the Underlying Lawsuit and will not cover any damages awarded therein, due to the failure of Ambling Management Company, LLC, and the other Named Insureds to comply with the Policy's terms and conditions.

51. Century was not notified as soon as practicable of the August 25, 2022 shooting incident, which at that time constituted an "occurrence" under the Policy or an offense which may have resulted in a claim.

52. Ambling Management Company, LLC, and the other Named Insureds breached the Policy's condition requiring them to notify Century as soon as practicable of the Lowndes County lawsuit.

53. Ambling Management Company, LLC, and the other Named Insureds breached the Policy's condition requiring them to see to it that Century receive written notice of the Lowndes County lawsuit as soon as practicable.

54. Ambling Management Company, LLC, and the other Named Insureds breached the Policy's condition requiring them to immediately send Century copies of any demands, notices, summonses or legal papers received in connection with a claim or suit brought against any insured.

55. Ambling Management Company, LLC, may not have satisfied the Policy's Real Estate Property Managed conditions, by failing to obtain the certificates of insurance required by the Policy's Real Estate Property Managed conditions.

56. Ambling Management Company, LLC, did not satisfy the Policy's Real Estate Property Management conditions, by failing to provide the required

certificates of insurance to Century.

57. Ambling Management Company, LLC, may not have satisfied section (6) of the Policy's Real Estate Property Management conditions, as Ambling Management Company, LLC, may not have been an insured or an additional insured on the policy or policies of the owner of The Highlands at East Atlanta.

58. Ambling Management Company, LLC, may not have satisfied section (7) of the Policy's Real Estate Property Management conditions, as the policy of the owner of The Highlands at East Atlanta may have restricted coverage for assault and battery, excluded claims arising out of or alleged to arise out of assault and battery, or provided a sublimit to the East Occurrence Limit for claims arising out of assault and battery.

59. Ambling Management Company, LLC, breached the Policy condition requiring it to cooperate with Century, by failing to provide Century with the certificates of insurance and insurance policies requested in the March 7, 2023 reservation of rights letter.

60. Ambling Management Company, LLC's failure to cooperate with Century has prejudiced Century, by preventing Century from identifying and evaluating any insurance policies potentially covering Ambling Management Company, LLC, for the August 25, 2022 shooting incident, related claims, and the

Underlying Lawsuit, and ensuring that Ambling Management Company, LLC, is enforcing its rights under those policies.

61. Ambling Management Company, LLC, and/or the other Named Insured may have breached the Policy conditions in other ways.

62. Century is entitled to a declaratory judgment that Ambling Management Company, LLC, is not covered under the Policy for the August 25, 2022 incident, any related claims, and the Underlying Lawsuit, because conditions precedent for coverage under the Policy were breached, including the duties to provide timely notice, and for the other reasons set forth herein.

63. The Policy also does not cover the August 25, 2022 incident, any related claims, and the Underlying Lawsuit and will not cover any damages awarded therein, because those claims and damages do not qualify for coverage under the Policy's Insuring Agreements and/or because exclusions in the Policy preclude coverage.

64. The Policy excludes any and all claims for punitive damages related to the August 25, 2022 incident, including the claim for punitive damages in the Underlying Lawsuit.

65. The Policy may be excess to insurance policies issued by other carriers that cover Ambling Management Company, LLC, such that Century has no coverage

obligations with respect to the Underlying Lawsuit.

66. Century relies upon and reserves its rights to rely upon other Policy provisions or legal principles discovered during this action that also may limit or exclude coverage.

WHEREFORE, Plaintiff Century Surety Company prays:

(a) That each Defendant be required to respond to the allegations set forth in this *Complaint for Declaratory Judgment*;

(b) That this Court declare that Century has no duty to defend or indemnify the Defendants for the August 25, 2022 incident, any related claims, and the Underlying Lawsuit, or any judgments or awards in that lawsuit;

(c) For such other relief as this Court deems just and proper.

Respectfully submitted,

**Bovis, Kyle, Burch & Medlin, LLC**

200 Ashford Center North
Suite 500
Atlanta, Georgia  30338-2680
(770) 391-9100
kjackson@boviskyle.com
rbryant@boviskyle.com

/s/ Kim M. Jackson
Ga. State Bar No. 387420

/s/ W. Randal Bryant
Ga. State Bar No. 092039

*Counsel for Plaintiff Century Surety Co.*